# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORY HOCH, | CASE NO. 1:10-cv-00874 AWI GSA PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983 |
| v. | |
| PAM AHLIN, et al., | (ECF No. 1) |
| Defendants. | OBJECTIONS DUE WITHIN THIRTY DAYS |

**Findings and Recommendations Following Screening of Complaint**

**I.      Screening Requirement**

Plaintiff is a civil detainee proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

The Court is required to screen complaints brought by detainees seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the detainee has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.     Plaintiff's Claims

### A.     Summary of Complaint

Plaintiff is currently housed at Coalinga State Hospital. Plaintiff alleges that when he was released from the custody of the California Department of Corrections and Rehabilitation (CDCR) into the custody of the Department of Mental Health, he was refused his $200 "gate money." Plaintiff appears to challenge the practice of the CDCR, pursuant to California Penal Code § 2713.1, to deduct from the statutorily prescribed $200 stipend the costs for clothing and transportation of the inmate by CDCR personnel.

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). Here, Plaintiff's allegation that he was entitled to "gate money" upon his release from CDCR custody and that defendants improperly deducted clothing and transportation costs is based solely upon a California statute and a related state regulation.[1]   Therefore, Plaintiff has failed to allege a cognizable federal

---

[1] See California Penal Code § 2713.1 ("In addition to any other payment to which he is entitled by law, each prisoner upon his release shall be paid the sum of two hundred dollars ($200), from such appropriations that may be made available for the purpose of this section. The department may prescribe rules and regulations . . . "); California Code of Regulations, title 15, § 3075.2(d)("Release Allowances. A release allowance is a sum of money intended

claim for relief.  See Beard v. Crenshaw, Nol CV 08-06349 GW (RZ), 2008 WL 4570272, at *5 (C.D. Cal. Oct. 14, 2008)(holding that plaintiff's claim that he was not provided funds upon his release from jail fails to allege any violation of federal law), order adopting report and recommendation, 2009 WL 982634 (C.D. Cal. April 10, 2009).  In addition, the Court may not exercise supplemental jurisdiction over state law claims unless Plaintiff has stated a cognizable claim for relief under federal law.  28 U.S.C. § 1367.  Plaintiff has not done so here.

**III.     Conclusion and Recommendation**

Plaintiff's complaint does not state any cognizable claims under section 1983.  Plaintiff's claim arises from an alleged violation of a California statute and a related state regulation.  Because the Court finds that this deficiency is not capable of being cured by amendment, the Court HEREBY RECOMMENDS dismissal of this action, with prejudice, for failure to state a claim.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    August 29, 2012                         /s/ Gary S. Austin**

---

for the rehabilitative purpose of assisting in an inmate/parolee's reintegration into society, and shall only be provided to an inmate who is released from prison to the direct supervision of a parole agent in the community, is placed on non-revocable parole, or is discharged from the jurisdiction of the Department of Corrections and Rehabilitation. Except as stipulated below, inmates with six months or more served on a sentence or parole violation shall be given $200, less the costs of clothing and public transportation provided by the facility in connection with their release . . . Inmates who are released to the custody of local law enforcement as a result of a detainer or hold are ineligible to receive a release allowance until the inmate is released from custody to direct parole supervision in the community . . . ")

1                                                         UNITED STATES MAGISTRATE JUDGE